UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUBOS REFINISHERS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     08-00120** |
| **ST. PAUL TRAVELERS INSURANCE GROUP** | **SECTION: "B" (4)** |

## ORDER

Before the Court is a **Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) (R. Doc. 6)**, filed by Travelers Indemnity Co. of Connecticut ("Travelers"), seeking an order from the Court requiring the Plaintiff, Dubos Refinishers, Inc. ("Dubos") to clarify its Petition for Damages.  Dubos did not oppose the motion.

On January 31, 2008, this Court set Travelers's motion for hearing on February 27, 2008 at 11:00 a.m., with oral argument.  (R. Doc. 8.)  Upon further review, the Court concludes that oral arguments are unnecessary, and therefore will consider the motion on the papers.

**I.     Background**

On August 29, 2006, Dubos filed suit against Travelers to recover under an insurance policy issued by Travelers for damage caused to its property caused by Hurricane Katrina, on August 29, 2005.  (R. Doc. 1-2.)  Travelers filed a motion for a more definite statement, which the presiding magistrate judge granted as unopposed.  (R. Doc. 6-5, Ex. C.)  However, Dubos failed to remedy its

pleading and did not file a more definite statement. Therefore, the presiding district judge dismissed the case without prejudice because Dubos failed to amend its complaint based on the court's order. (R. Doc. 6-6, Ex. D.)

Thereafter, Dubos filed the subject suit on August 29, 2007, apparently refiling the earlier suit which it filed on August 29, 2006. (R. Doc. 1-4.) However, its Petition for Damages was different than its earlier Petition. (R. Doc. 6-3, Ex. A; R. Doc. 6-9, Ex. G.) Based on the lack of detail in the new Petition, Travelers filed the motion at issue here, requesting that Dubos file a more definite statement of its claims.

**II.  Standard of Review**

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for more definite statements are generally disfavored because the Rules simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests. *Acker v. Bishop*, No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul. 10, 2006); Fed. R. Civ. P. 8.

Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice. *Id.* Furthermore, a motion for a more definite statement is inappropriate where the parties can discover additional information through discovery. *Id.*; *Blum v. Roberts*, No. 06-2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006).

Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order. *Id.*

### III.  Analysis

Travelers contends that Dubos's Petition fails to give it notice of (1) the specific damage claimed, (2) the manner in which the damage occurred, (3) the manner in which the claims were instituted, adjusted, negotiated, and resolved, and (4) why relief is appropriate.  Specifically, as to Paragraph 3 of the Petition, Travelers requests that Dubos specify the covered loss and damage suffered to its property from Hurricane Katrina and the applicable policy language regarding coverage. As to Paragraph 4 of the Petition, Travelers requests that the Plaintiff clarify the property at issue, describe the damage, the covered loss, and the applicable coverage language.  Finally, as to Paragraph 5, Travelers requests that Dubos indicate whether it is making a claim under the business income and extra expense coverage, and the circumstances that would warrant such an award.

First, the Court notes that Rule 8 only requires that the parties provide a short and plain statement of sufficient to "(1) provide notice of the circumstances which give rise to the claim or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999).  While Dubos's Petition is sparse, the Court concludes that Travelers has adequate notice of the circumstances giving rise to Dubos's claims.  In its Petition, Dubos alleges that its property located in St. Bernard Parish, including the structure and contents suffered significant damage from Hurricane Katrina. (R. Doc. 1-4.)  Furthermore, Dubos alleges that it lost the use of the property and

3

business as a result. (R. Doc. 1-4.) Dubos asserts that Travelers did not pay its insurance claim, although Travelers received sufficient proof of loss from Dubos. (R. Doc. 1-4.) Therefore, Dubos is making a claim for (1) the "physical damage" sustained to the property and its contents and (2) "the loss of use and business which resulted from the damage." (R. Doc. 1-4.)

After reviewing Dubos's pleading, the Court concludes that Dubos complied with the requirements in [Rule 8](Rule 8) by providing reasonable notice to Travelers of the circumstances giving rise to its claim. Therefore, the Court denies Travelers' motion for a more definite statement. Dubos provided sufficient notice to Travelers in averring that Travelers failed to pay insurance proceeds for the physical damage and business losses suffered to its St. Tammany Parish business from Hurricane Katrina. The detailed information that Travelers seeks regarding the specific losses suffered to the property and the policy language applicable to Dubos's claim is more appropriately reserved for discovery.

## IV.  Conclusion

Accordingly,

**IT IS ORDERED** that Travelers's **Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) (R. Doc. 6)** is **DENIED**.

New Orleans, Louisiana, this __26th__ day of February 2008

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**